732 F.2d 43
 116 L.R.R.M. (BNA) 2386, 100 Lab.Cas. P 10,982
 LOCAL 851, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA,
Petitioner-Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner,
Purolator Courier Corporation, Intervenor.
 Nos. 1072, 1026, Dockets 83-4219, 84-4019.
 United States Court of Appeals,
Second Circuit.
 Argued April 9, 1984.
Decided April 13, 1984.
 
 Stephen H. Kahn, New York City, for petitioner-cross-respondent.
 David A. Fleischer, Atty., N.L.R.B., Washington, D.C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliot Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., of counsel), for respondent-cross-petitioner.
 Arnold E. Perl, Memphis, Tenn. (Richard M. Kobdish, Young & Pearl, Memphis, Tenn., of counsel), for intervenor.
 Robert M. Baptiste, Wilma B. Liebman, Washington, D.C., for Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, amicus curiae.
 O'Connor & Mangan, Long Island City, N.Y., for Truck Drivers Local 807, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, amicus curiae.
 Elarbee, Thompson & Trapnell, Atlanta, Ga. (Robert L. Thompson, Brent L. Wilson, Atlanta, Ga., of counsel), for Pony Express Courier Corp., amicus curiae.
 Before TIMBERS and PRATT, Circuit Judges, and METZNER, District judge*.
 PER CURIAM:
 
 
 1
 At issue is the board's determination that Purolator Courier's driver-employees are "guards" within the meaning of Sec. 9(b)(3) of the National Labor Relations Act (NLRA), 29 U.S.C. Sec. 159(b)(3). If they are, then Local 851 cannot admit them to membership along with its nonguard members without being barred from certification as a bargaining representative of the guards. The union contends that the board's interpretation of Sec. 9(b)(3) contravenes both the legislative history and purpose of that statute, because the Purolator employees do not "guard" any property, but are merely truck drivers employed by Purolator. The board and Purolator contend that the drivers are "guards" because, although unarmed, they wear uniforms, are entrusted with a wide variety of valuable commodities ranging from cash letters to controlled drugs and radioactive pharmaceuticals, are bonded and subjected to security clearance, are often given keys to the premises and security vaults of customers, are held responsible for the safekeeping of packages in their vehicles, and are required to insure that their entry or departure does not impair the security of customers' premises.
 
 
 2
 We are satisfied that the board's finding that the subject employees are "guards" is supported by substantial evidence, and that the board's consistent interpretation for thirty years of the statutory term to encompass more than "plant guards" comports with the statutory language and the legislative history. See International Brotherhood of Teamsters, Local 344 v. National Labor Relations Board, 568 F.2d 12, 15-16 (7th Cir.1978); Drivers, Chauffeurs, Warehousemen and Helpers, Local 71 v. National Labor Relations Board, 553 F.2d 1368, 1372-74 (D.C.Cir.1977).
 
 
 3
 Accordingly, the petition to review is denied, and the cross-petition for enforcement is granted.
 
 
 
 *
 Hon. Charles M. Metzner, of the United States District Court for the Southern District of New York, sitting by designation